IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROBERT WEST and NANCY WEST, H/W,<br>            Plaintiffs,<br><br>         v.<br><br>MARRIOTT HOTEL SERVICES, INC. and LWC SERVICES, INC.,<br>            Defendants. | :   CIVIL ACTION<br>:<br>:<br>:<br>:   NO.  10-4130<br>:<br>:<br>:<br>:<br>:<br>: |

**DuBOIS, J.**                                                                                       November 1, 2010

**M E M O R A N D U M**

## I.     INTRODUCTION

On September 25, 2007, Nancy West tripped in the lobby of the Philadelphia Marriott Hotel.  Plaintiffs Nancy and Robert West claim that Nancy tripped over a brass doorstop in the lobby that was usually shielded by large planters.  They aver that the door stop had been left exposed by employees of Long's Window Cleaning Services, who had moved the planters while cleaning the lobby the day before and failed to return them to their normal place.  (Pls.' Pet. for Remand ¶ 6.)

On August 28, 2009, plaintiffs, who are citizens of Nebraska, filed a Complaint in the Court of Common Pleas of Philadelphia County alleging claims arising out of the accident.  The complaint names two defendants: Marriott Hotel Services, Inc. ("Marriott"), a citizen of Delaware, and LWC Services, Inc. t/a Long's Window Cleaning ("LWC"), a citizen of

1

Pennsylvania.

On September 30, 2009, defendant Marriott removed the case to this Court based on diversity of citizenship. Plaintiffs responded by filing a Motion to Remand for Improper Removal on the ground that LWC's Pennsylvania citizenship precluded removal, citing 28 U.S.C. § 1441(b), which prohibits removal under diversity jurisdiction where one of the defendants is a citizen of the state where the action was brought. Plaintiffs' Motion for Remand for Improper Removal went unopposed and was granted on November 6, 2009. West v. Marriott, No. 09-CV-4456, Order dated Nov. 6, 2009.

On August 16, 2010, defendant Marriott filed a second notice of removal, contending that the case is "one which is or has become removable" under 28 U.S.C. § 1446(b) because it has become clear that plaintiffs are maintaining LWC as a defendant solely to frustrate removal. (Notice of Removal ¶¶ 8-9.) Marriott argues that plaintiffs' joinder of LWC is fraudulent and that as a result LWC's Pennsylvania residence is no longer a bar to federal diversity jurisdiction under 28 U.S.C. § 1332. In support of its argument that the joinder of LWC is fraudulent, Marriott avers that at a settlement conference on July 29, 2010, counsel for plaintiffs stated that LWC did not need to be present for settlement discussions and that plaintiffs had no intention of pursuing a claim against LWC but would not dismiss them at that time. (Marriott's Br. in Op. at 2.) Plaintiffs argue in response that Marriott misrepresents both the nature and significance of that conversation. (Pls.' Pet. for Remand at 2.)

Presently before the Court is Plaintiffs' Petition for Remand for Improper Removal. For the reasons set forth below, Plaintiffs' Petition for Remand for Improper Removal is granted.

## II.   JOINDER OF DEFENDANT LWC WAS NOT FRAUDULENT

In the absence of a federal question, removal to federal court usually requires complete diversity of citizenship of the parties and also that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of fraudulent joinder represents an exception to these requirements. See In Re Brisco, 448 F.3d 201, 215-16 (3d Cir. 2006). Under the doctrine of fraudulent joinder, a defendant may still remove the action if it can establish that any in-state resident or non-diverse defendant were "fraudulently" named or joined solely to defeat federal court jurisdiction. Id. If a court determines that the joinder was "fraudulent" in this sense, then the court can "disregard for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. By contrast, if the Court determines that it does not have subject-matter jurisdiction because the joinder was not fraudulent, it must remand to state court and may, where appropriate, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (quoted in In Re Brisco, 448 F.3d at 216). In making this inquiry a court is not limited to the pleadings but can look beyond them to identify any indicia of fraudulent joinder. In Re Briscoe, 448 F.3d at 219.

The removing party bears the burden of demonstrating fraudulent joinder: "The removing party carries a heavy burden of persuasion . . . for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal citations omitted). The Third Circuit has defined the standard for fraudulent joinder as follows:

3

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

In Re Brisco, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52).  The joinder of a party should be deemed fraudulent only if the claims are "wholly insubstantial and frivolous."  Id. The Third Circuit has emphasized that proper joinder for jurisdictional purposes is a lower bar than would be required for a claim to survive a motion to dismiss, Batoff, 977 F.2d at 852, or a motion for summary judgment, Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Situations in which a party has been found to be fraudulently joined include those where claims are clearly barred a statute of limitation, see, e.g., In Re: Brisco, et al. 448 F.3d at 219, LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690-92 (7th Cir. 1998); where claims are clearly barred by an automatic stay in bankruptcy, Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009); where the nondiverse defendant can prove definitively that he is not a proper party, Weaver v. Conrail, Inc., No. 09-5592, 2010 U.S. Dist. LEXIS 69553 at*27 (E.D. Pa. July 12, 2010) (finding fraudulent joinder where nondiverse defendant Conrail produced three separate forms of proof demonstrating that it did not own the train tracks in question); and where plaintiffs have created shell companies exclusively for litigation purposes, Bernstein v. Balli Steel, No. 08-62, 2008 U.S. Dist. LEXIS 25892 (E.D. Pa. March 31, 2008).  In other words, a finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility.  Fraudulent joinder should not be found

4

simply because plaintiff has a weak case against a non-diverse defendant.  See Boyer, 913 F.2d at 111.

In its Brief in Opposition, defendant Marriott argues as if the question before this Court were one of summary judgment for LWC.  That is not so.  Marriott claims that, while Marriott itself once believed that LWC had moved the planters, it has become clear that there is "no evidence" that LWC did so.  (Marriott's Br. in Opp'n at 4.)  Marriott relies heavily on the testimony of two LWC employees who claim that they did not touch or move the planters, contending that this testimony "unequivocally establishes" that those employees did not move the planters as the plaintiffs contend. (Id. at 5.) Marriott makes no argument that recovery against LWC is a legal impossibility, and aside from reciting its account of the very brief July 29, 2010 conversation with plaintiffs' counsel, produces no evidence that plaintiffs do not intend to prosecute their claim against LWC.

By way of response, plaintiffs contend that the testimony of LWC's employees concerning the planters is neither surprising nor sufficient to rule out the possibility of LWC's liability.  (Pls.' Mot. for Remand at 10.)  Plaintiffs point to considerable circumstantial evidence that LWC moved the planters: (1) the planters were not in their normal place at the time of Rebecca West's fall (id. Ex. 6.); (2) LWC's time cards confirm that its employees cleaned the lobby the day before the fall (id.); (3) Marriott's employees deny moving the planters (id.); and (4) the owner of LWC testified that the planters are light and that it is possible that his employees moved the planters in order to clean the glass ceiling. (Id.)  Plaintiffs also highlight interrogatory answers from earlier in the litigation in which Marriott itself contended that LWC both moved the planters on the date in question and routinely moves them while cleaning the

5

lobby. (Id. at 5-6.)

The evidence of LWC's liability proffered by plaintiffs is not strong, but it is not "wholly insubstantial and frivolous" as required for a finding of fraudulent joinder. In Re Brisco, 448 F.3d at 217. Because the Court cannot rule out the possibility that a state court would find the claims against LWC viable, the Court must find that joinder is proper and remand to the Court of Common Pleas. See id.

### III.     PLAINTIFFS' REQUEST FOR FEES AND SANCTIONS

The removal provision of 28 U.S.C. § 1447 provides for the provision of attorneys fees: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Where an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp. 546 U.S. 132, 141 (2005). Given plaintiffs' purely circumstantial case against LWC, the Court cannot say that Marriott lacked an objectively reasonable basis for removal. Plaintiffs' request for fees is therefore denied. Plaintiffs' request for sanctions against Marriott is denied for the same reason.

### IV.     CONCLUSION

For the reasons described above, plaintiffs' Petition for Remand is granted. An appropriate Order follows.